UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ROBERT D. PLISCHKE, JR.,

                Plaintiff,

   v.

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

                Defendant.

Case No. 3:13-cv-05607-KLS

ORDER AFFIRMING DEFENDANT'S DECISION TO DENY BENEFITS

Plaintiff has brought this matter for judicial review of defendant's denial of her application for supplemental security income ("SSI") benefits. Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. After reviewing the parties' briefs and the remaining record, the Court hereby finds that for the reasons set forth below, defendant's decision to deny benefits should be affirmed.

FACTUAL AND PROCEDURAL HISTORY

On August 18, 2010, plaintiff filed an application for Supplemental Security Income ("SSI") benefits, alleging disability as of April 26, 2003, due to physical impairments. See Administrative Record ("AR") 147-51, 162-73. The application was denied upon initial administrative review and on reconsideration. See AR 96-99, 103-04. A hearing was held before an administrative law judge ("ALJ") on January 30, 2012, at which plaintiff, represented by counsel, appeared and testified, as did vocational expert Mark Harrington. See AR 24-69.

ORDER - 1

On March 29, 2012, the ALJ issued a decision in which plaintiff was determined to be not disabled. See AR 8-23.  Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council on May 24, 2013, making the ALJ's decision defendant's final decision. See AR 1-6; see also 20 C.F.R. § 404.981, § 416.1481. On July 29, 2013, plaintiff filed a complaint in this Court seeking judicial review of the ALJ's decision. See Dkt. #3.  The administrative record was filed with the Court on November 21, 2013. See Dkt. #11.  The parties have completed their briefing, and thus this matter is now ripe for judicial review and a decision by the Court.

Plaintiff argues the ALJ's decision should be reversed and remanded to defendant for further proceedings because the ALJ erred: (1) in determining plaintiff's severe impairments; (2) in evaluating the medical evidence in the record; (3) in discounting plaintiff's credibility; and (4) in finding her to be capable of returning to her past relevant work.  For the reasons set forth below, the Court disagrees that the ALJ erred in determining plaintiff to be not disabled, and therefore finds that defendant's decision should be affirmed.

## DISCUSSION

The determination of the Commissioner of Social Security (the "Commissioner") that a claimant is not disabled must be upheld by the Court, if the "proper legal standards" have been applied by the Commissioner, and the "substantial evidence in the record as a whole supports" that determination. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986); see also Batson v. Commissioner of Social Security Admin., 359 F.3d 1190, 1193 (9th Cir. 2004); Carr v. Sullivan, 772 F.Supp. 522, 525 (E.D. Wash. 1991) ("A decision supported by substantial evidence will, nevertheless, be set aside if the proper legal standards were not applied in weighing the evidence and making the decision.") (citing Brawner v. Secretary of Health and Human Services, 839 F.2d

ORDER - 2

432, 433 (9th Cir. 1987)).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (citation omitted); see also Batson, 359 F.3d at 1193 ("[T]he Commissioner's findings are upheld if supported by inferences reasonably drawn from the record."). "The substantial evidence test requires that the reviewing court determine" whether the Commissioner's decision is "supported by more than a scintilla of evidence, although less than a preponderance of the evidence is required." Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975). "If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984) ("Where there is conflicting evidence sufficient to support either outcome, we must affirm the decision actually made.") (quoting Rhinehart v. Finch, 438 F.2d 920, 921 (9th Cir. 1971)). [1]

I.   The ALJ's Step Two Determination

Defendant employs a five-step "sequential evaluation process" to determine whether a claimant is disabled. See 20 C.F.R. § 404.1520; 20 C.F.R. § 416.920. If the claimant is found disabled or not disabled at any particular step thereof, the disability determination is made at that step, and the sequential evaluation process ends. See id. At step two of the evaluation process, the ALJ must determine if an impairment is "severe." 20 C.F.R. § 404.1520, § 416.920. An

---

[1] As the Ninth Circuit has further explained:

> . . . It is immaterial that the evidence in a case would permit a different conclusion than that which the [Commissioner] reached. If the [Commissioner]'s findings are supported by substantial evidence, the courts are required to accept them. It is the function of the [Commissioner], and not the court's to resolve conflicts in the evidence. While the court may not try the case de novo, neither may it abdicate its traditional function of review. It must scrutinize the record as a whole to determine whether the [Commissioner]'s conclusions are rational. If they are . . . they must be upheld.

Sorenson, 514 F.2d at 1119 n.10.

ORDER - 3

impairment is "not severe" if it does not "significantly limit" a claimant's mental or physical abilities to do basic work activities. 20 C.F.R. § 404.1520(a)(4)(iii), (c), § 416.920(a)(4)(iii), (c); see also Social Security Ruling ("SSR") 96-3p, 1996 WL 374181 *1.  Basic work activities are those "abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1521(b), § 416.921(b); SSR 85- 28, 1985 WL 56856 *3.

An impairment is not severe only if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individual[']s ability to work." SSR 85-28, 1985 WL 56856 *3; see also Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996); Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir.1988).  Plaintiff has the burden of proving that his "impairments or their symptoms affect her [his] ability to perform basic work activities." Edlund v. Massanari, 253 F.3d 1152, 1159-60 (9th Cir. 2001); Tidwell v. Apfel, 161 F.3d 599, 601 (9th Cir. 1998).  The step two inquiry described above, however, is a *de minimis* screening device used to dispose of groundless claims. See Smolen, 80 F.3d at 1290.

Plaintiff argues the ALJ erred in failing to find plaintiff's degenerative joint disease of the thumb to be a severe impairment at step two.  Dkt. #14, pp. 4-6.  Plaintiff based this argument solely on a diagnosis from 2003 and plaintiff's testimony at the hearing.  AR 47-48, 437. However, the ALJ's step two findings were supported by substantial evidence.

Despite plaintiff's claim to the contrary, the ALJ did address plaintiffs left thumb degenerative joint disease when discussing plaintiff's severe impairments.  AR 13-14.  The ALJ found it not severe because the record showed no treatment for, functional limitations from, or even mention of the condition after the 2003 diagnosis.  AR 14.  Further, the record noting the diagnosis provides no information regarding what the diagnosis was based on or the severity of the condition.  See AR 437.  Also, the record indicates plaintiff was able to work successfully

ORDER - 4

after diagnosis of this condition.  AR 33-34, 168.  Plaintiff's testimony was the only other evidence indicating hand problems, however, as will be discussed below, the ALJ properly discredited plaintiff's testimony.  Plaintiff failed to show that plaintiff's left thumb degenerative joint disease would cause any limitation in plaintiff's ability to perform basic work activities, let alone limit her activity for twelve months.

Further, plaintiff has the burden of establishing the asserted error resulted in actual harm.  See Ludwig v. Astrue, 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected his "substantial rights," which is to say, not merely his procedural rights.") (citing Shinseki v. Sanders, 556 U.S. 396, 407-09 (2009)).  The Ninth Circuit noted that "in each case we look at the record as a whole to determine [if] the error alters the outcome of the case." Molina v. Astrue, 674 F.3d 1104, 1115 (9th Cir. 2012).  The court also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error is harmless where it is 'inconsequential to the ultimate nondisability determination.'" Id. (quoting Carmickle v. Comm'r Soc. Sec. Admin., 533 F.3d 1155, 1162 (9th Cir. 2008)) (other citations omitted).  While not included in the residual functional capacity finding, the vocational expert testified at the hearing that someone limited to frequent handling and fingering would still be able to perform plaintiff's past work as a telephone solicitor and supervisor, call center.  AR 63.  Plaintiff provided no argument that plaintiff's thumb condition would result in more severe handling and fingering limitations.  As such, any error at step two would be harmless as it would not change the ultimate disability determination.

II.         The ALJ's Evaluation of the Medical Evidence in the Record

The ALJ is responsible for determining credibility and resolving ambiguities and conflicts in the medical evidence. See Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998).

ORDER - 5

Where the medical evidence in the record is not conclusive, "questions of credibility and resolution of conflicts" are solely the functions of the ALJ. Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). In such cases, "the ALJ's conclusion must be upheld." Morgan v. Commissioner of the Social Sec. Admin., 169 F.3d 595, 601 (9th Cir. 1999). Determining whether inconsistencies in the medical evidence "are material (or are in fact inconsistencies at all) and whether certain factors are relevant to discount" the opinions of medical experts "falls within this responsibility." Id. at 603.

In resolving questions of credibility and conflicts in the evidence, an ALJ's findings "must be supported by specific, cogent reasons." Reddick, 157 F.3d at 725. The ALJ can do this "by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." Id. The ALJ also may draw inferences "logically flowing from the evidence." Sample, 694 F.2d at 642. Further, the Court itself may draw "specific and legitimate inferences from the ALJ's opinion." Magallanes v. Bowen, 881 F.2d 747, 755, (9th Cir. 1989).

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996). Even when a treating or examining physician's opinion is contradicted, that opinion "can only be rejected for specific and legitimate reasons that are supported by substantial evidence in the record." Id. at 830-31. However, the ALJ "need not discuss *all* evidence presented" to him or her. Vincent on Behalf of Vincent v. Heckler, 739 F.3d 1393, 1394-95 (9th Cir. 1984) (citation omitted) (emphasis in original). The ALJ must only explain why "significant probative evidence has been rejected." Id.; see also Cotter v. Harris, 642 F.2d 700, 706-07 (3rd Cir. 1981); Garfield v. Schweiker, 732 F.2d 605, 610 (7th Cir. 1984).

ORDER - 6

In general, more weight is given to a treating physician's opinion than to the opinions of those who do not treat the claimant. See Lester, 81 F.3d at 830. On the other hand, an ALJ need not accept the opinion of a treating physician, "if that opinion is brief, conclusory, and inadequately supported by clinical findings" or "by the record as a whole." Batson v. Commissioner of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004); see also Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001). An examining physician's opinion is "entitled to greater weight than the opinion of a nonexamining physician." Lester, 81 F.3d at 830-31. A non-examining physician's opinion may constitute substantial evidence if "it is consistent with other independent evidence in the record." Id. at 830-31; Tonapetyan, 242 F.3d at 1149.

Dr. Janitzia Schurch, plaintiff's treating physician, completed a physical evaluation of plaintiff in June 2010 for the Washington State Department of Social and Health Services. AR 217-18. Dr. Schurch found plaintiff limited to standing for two hours in an eight hour work day, sitting for four hours in an eight hour work day, lifting ten pounds occasionally, and lifting five pounds frequently. Id. The ALJ adopted this opinion with the exception of the opined sitting limitation, finding that limitation "not supported by the evidence of record, particularly by the lack of objective findings supporting such a limitation." AR 18. Plaintiff argues this was not a legally sufficient reason to discredit the opinion. Dkt. No. 14, pp. 6-7. This Court disagrees.

Plaintiff first argues the ALJ failed to specify any inconsistency between the opinion and the record. Dkt. No. 14, p. 6-7. However, the ALJ did not find this opinion inconsistent, she found it unsupported by objective evidence. AR 18. An ALJ may discount the opinion of a treating provider if it is "conclusory, brief, and unsupported by the record as a whole." Batson v. Comm'r of the SSA, 359 F.3d 1190, 1195 (9th Cir. 2004). Dr. Schurch provided no explanation

ORDER - 7

or support for her opined limitations, and plaintiff fails to point to any evidence in the record as a whole to support the doctor's opinion.

Plaintiff also argues the ALJ erred in selectively discussing only provider notes that supported her conclusion. Dkt. #14, p. 7. The ALJ discussed the medical evidence extensively in her decision noting mostly normal examination findings. AR 16-17. While this evidence does support the ALJ's conclusion, plaintiff points to no evidence in the record to contradict the ALJ's conclusion or support Dr. Schurch's sitting limitation. Further, this Court was unable to find any complaints or other notes regarding any sitting limitations in the record. It appears that the ALJ discussed only evidence that supported her opinion because there was no evidence to the contrary.

Further, Dr. Schurch noted that her opinion was only for a three month period, so it is unclear whether the opined limitation would actually exist for the requisite twelve months. The ALJ's reasons for discrediting Dr. Schurch's opined sitting limitation were legally sufficient and supported by substantial evidence in the record.

III.     The ALJ's Assessment of Plaintiff's Credibility

Questions of credibility are solely within the control of the ALJ. See Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982). The Court should not "second-guess" this credibility determination. Allen, 749 F.2d at 580. In addition, the Court may not reverse a credibility determination where that determination is based on contradictory or ambiguous evidence. See id. at 579. That some of the reasons for discrediting a claimant's testimony should properly be discounted does not render the ALJ's determination invalid, as long as that determination is supported by substantial evidence. Tonapetyan v. Halter, 242 F.3d 1144, 1148 (9th Cir. 2001).

ORDER - 8

To reject a claimant's subjective complaints, the ALJ must provide "specific, cogent reasons for the disbelief." Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1996) (citation omitted). The ALJ "must identify what testimony is not credible and what evidence undermines the claimant's complaints." Id.; see also Dodrill v. Shalala, 12 F.3d 915, 918 (9th Cir. 1993).  Unless affirmative evidence shows the claimant is malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." Lester, 81 F.2d at 834.  The evidence as a whole must support a finding of malingering. See O'Donnell v. Barnhart, 318 F.3d 811, 818 (8th Cir. 2003).

In determining a claimant's credibility, the ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid." Smolen v. Chater, 80 F.3d 1273, 1284 (9th Cir. 1996).  The ALJ also may consider a claimant's work record and observations of physicians and other third parties regarding the nature, onset, duration, and frequency of symptoms. See id.

Plaintiff argues the ALJ erred by not providing clear and convincing reasons to discredit plaintiff's credibility.  While finding plaintiff's allegations unsupported by the record is not, on its own, sufficient to discredit plaintiff's credibility, the ALJ provided other sufficient reasons. See Bunnell v. Sullivan, 947 F.2d 341, 346-47 (9th Cir.1991) (en banc)) (emphasis added); see also Byrnes v. Shalala, 60 F.3d 639, 641-42 (9th Cir. 1995).

First, the ALJ noted plaintiff's poor work history as a factor in evaluating plaintiff's credibility.  AR 17.  The ALJ specifically noted plaintiff's lack of earnings from 2005 onward, despite not applying for benefits until 2010.  Id.  Plaintiff argues that he did have a significant work history, however the ALJ's conclusion is equally reasonable based on the earnings

ORDER - 9

recordable, thus must be upheld. Dkt. 14, p. 11; AR 161; see Burch v. Barnhart, 400 F.3d 676, 680-81 (9th Cir. 2005) ("Although the evidence . . . may also admit of an interpretation more favorable to [the claimant], the ALJ's interpretation was rational, and '[w]e must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation.'") (quoting Magallanes, 881 F.2d at 750). Plaintiff's limited work history was a clear and convincing to discredit plaintiff's credibility. Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) (ALJ properly found claimant's extremely poor work history and lack of propensity to work in her lifetime negatively affected her credibility regarding her inability to work).

Further, the ALJ discredited plaintiff's credibility based on plaintiff's inconsistent statements. AR 18. The ALJ noted plaintiff stated he was unable to work due to physical limitations yet, when pressed further, stated that he was unable to find employment because of his felony conviction. Id. The ALJ found plaintiff's lack of candor initially about this to bear on his credibility. Id. The ALJ may consider "ordinary techniques of credibility evaluation," such as prior inconsistent statements concerning symptoms and other testimony that "appears less than candid." Smolen, 80 F.3d at 1284. Plaintiff's inconsistent statement was a valid reason to discount plaintiff's credibility. As such, the ALJ did not err in her credibility determination.

IV.     The ALJ's Step Four Determination

The claimant has the burden at step four of the disability evaluation process to show that he or she is unable to return to his or her past relevant work. Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999). The Ninth Circuit has recognized that to find a claimant not disabled at step four of the disability evaluation process, the ALJ must find that the claimant is able to perform either "[t]he actual functional demands and job duties of a particular past relevant job; or . . . [t]he functional demands and job duties of the occupation as generally required by

ORDER - 10

employers throughout the national economy." <u>Pinto v. Massanari</u>, 249 F.3d 840, 845 (9th Cir. 2001)(emphasis added).  Here, the ALJ found plaintiff able to return to her past work both as actually performed and as generally performed.  AR 19. While, as argued by plaintiff, the ALJ may have erred in determining plaintiff capable of performing her past work as actually performed, the error would be harmless because the ALJ's finding that plaintiff was capable of performing his past work as generally performed was supported by substantial evidence.  Dkt. #14, p. 12-15.

Plaintiff's argument regarding plaintiff's past work as generally performed is premised on the argument that the ALJ erred in evaluating the opinion of Dr. Schurch. Dkt. #14, p.15.  As stated above, the ALJ did not err in evaluating this opinion, thus the ALJ did not err in finding plaintiff capable of performing his past work as generally performed.  The vocational expert testimony provided substantial evidence to support the ALJ's finding that plaintiff was capable of performing her past work as generally performed.  AR 63.  Therefore, any error in determining plaintiff's ability to do her past work as actually performed would not change the disability determination, and would be harmless.  <u>See</u> <u>Molina v. Astrue</u>, 674 F.3d 1104, 1115 (9th Cir. 2012).

## CONCLUSION

Based on the foregoing discussion, the Court hereby finds the ALJ properly concluded plaintiff was not disabled.  Accordingly, defendant's decision to deny benefits is AFFIRMED.

DATED this 16th day of June, 2014.

Karen L. Strombom
United States Magistrate Judge

ORDER - 11